

IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF IOWA

GABRIEL LUIS VASQUEZ ) Case No. 4:17-CV-00358 RWP
  Petitioner )
 )
v. )
 )
WILLIAM SPERFSLAGE ) Motion to Re-Open Case
  Respondent ) Pursuant to Fed. R. Civ. P.
 ) 60 (b)(6)

Comes now Petitioner Vasquez, pro se, in support of the above-captioned motion and hereby submits the following for this honorable court's consideration:

1) On May 8, 2019 Petitioner Vasquez received a judicial ruling from the Honorable Judge Pratt upon the respondent's Motion to Dismiss dated March 14, 2019.

2) His Honor's ruling GRTANTED the respondent's Motion to Dismiss and effectively ended Petitioner Vasquez's Petition for a Writ of Habeas Corpus.

3) Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party... from a final judgment, order or proceeding for reasons ... or (6) any other reason that justifies relief." "A motion under Rule 60(b) must be made within a reasonable time and for reasons... no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999)

4) In December of 2018, utilizing newly-announced legal authority held in Allison v. State, 914 N.W.2d 866, 891 (Iowa 2018) Petitioner Vasquez was able to amend his claims for post-conviction relief in the state to include the ineffective assistance of PCR Counsel and PCR Appelate Counsel for failing to preserve his claims for relief by pursuing a Motion for Expanded Runing pursuant to Rule 1.904.

5) This amendment to Case Number PCCE130303 - Vasquez v. State allows for the opportunity for Vasquez to cure the default issues with the Habeas action he is involoved in.

6) Further, in April of 2019, when the IDOC law computers were updated, Petitioner Vasquez became aware of a case decided on November 21, 2018; State v. Barrett, 2018 Iowa App Lexus 1056 (Ia Ct App 2018) in which, identical to Vasquez, the appellate court reversed Barrett's conviction for a limited remand back to the district court to allow his defense counsel to access the alleged victim's medical records and evaluate their potential impact on the trial.

7) Importantly and key to Petitioner Vasquez, the in camera method used in Barrett (and Vasquez) was disavowed by the court who also encouraged the Iowa Legislature to rescind SF291; adopted after Vasquez's conviction.

8) Given the state of flux that Iowa law has experienced in these two areas; PCR appeals and medical records, new considerations should be made in this action to allow Petitioner Vasquez to finish litigating his PCR action in state court and, afterwards, if necessary, to allow him to recast his petition.

9) Also, the reality is that, subsequent Habeas Petitions have a virtually insurmountable threshold to overcome and, as a pro se litigant, Petitioner Vasquez has very little, if any, hope of successfully accomplishing this task. In the interests of justice, the outright dismissal of this action would constitute a manifest injustice resulting in a horrendous miscarriage of justice that Petitioner Vasquez could never recover from.

Wherefore Petitioner Vasquez humbly prays this Honorable Court, after review of the Allison, Barrett and Vasquez case, PCCE 130303, enter an ORDER reopening this action and ORDER a stay and abeyance until the conclusion of the state PCR proceedings and subsequent appeals, if necessary.

OR

In the alternative, enter an ORDER to the Clerk of Court to provide Petitioner Vasquez with the information necessary to apply for a Certificate of Applicability and advise if this dismissal counts as a "strike" under the AEDPA.

Respectfully Submitted,

Gabriel I. Vasquez    5/12/19

Gabriel L. Vasquez 1103650
Anamosa State Prison
406 N. High St.
Anamosa, IA 52205

CEDAR RAPIDS IA 522

14 MAY 2019 PM 2    FOREVER USA

Barn Swallow

Clerk, United States District Court

PO Box 9344

Des Moines, IA 50306



NOTICE: This correspondence was mailed from an institution of the Iowa Department of Corrections.

50306-934444