IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| GABRIEL LUIS VASQUEZ, Petitioner, v. WILLIAM SPERFSLAGE, Respondent. | 4:17-cv-00358-RP **ORDER** |
|---|---|

On March 14, 2019, the Court entered an order dismissing this 28 U.S.C. § 2254 petition, because the claims were unexhausted, procedurally defaulted, or failed to state a claim. On May 17, 2019, Vasquez filed a pro se motion to reopen the case under Federal Rule of Civil Procedure 60(b)(6). ECF No. 29. Vasquez asks the Court to reopen his case and issue a stay while he exhausts claims in state court. Respondent resists the motion. ECF No. 30.

Vasquez asks to reopen the case because he is pursuing further relief in state court and in doing so will have the opportunity to cure the default of claims he raised in his habeas petition. He cites *Allison v. State*, 914 N.W.2d 866, 891 (2018) and *State v. Barrett*, 924 N.W.2d 878 (Iowa Ct. App. 2018) as the vehicles for presenting his claims in state court. Vasquez argues that given the state of flux Iowa has experienced in the area of PCR appeals and medical records, Vasquez should be allowed to finish litigating his PCR action in state court and, afterwards, if necessary, recast his petition.

"When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure described in *Rhines v. Weber*, 544 U.S. 269 (2005)." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Rhines*, 544 U.S. at 277). Under *Rhines*, a stay is available only where "there was good cause for the petitioner's

failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277.

When dismissal of the action for failure to fully exhaust all claims may jeopardize the timeliness of the claims, a district court may stay the proceedings when Petitioner demonstrates both good cause for the failure to previously exhaust and that the claims are potentially meritorious. *Rhines*, 544 U.S. at 278 ("it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics").

Without determining the likelihood of success on the merits of his claims, the Court finds good cause shown for Petitioner's failure to previously exhaust his claims and there is no indication that Petitioner engaged in dilatory litigation tactics. **The request to reopen the case and the motion for stay are granted**. (ECF No. 29). This case will be held in abeyance. **Petitioner shall file a report to the Court every ninety (90) days regarding the status of the state proceedings**.

IT IS SO ORDERED.

Dated this ___5th___ day of June, 2019.

_____
ROBERT W. PRATT
U.S. DISTRICT JUDGE